**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **INTERTEK USA INC.** | **:** | **DOCKET NO. 2:24-cv-01094** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **AMSPEC LLC** | **:** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is a Motion to Compel Discovery and Motion for Attorney Fees filed by defendant AmSpec LLC ("AmSpec"). Doc. 26. Plaintiff Intertek USA Inc. ("Intertek") opposed the motion [doc. 30] and AmSpec replied [doc. 33]. A hearing was held on November 20, 2025. Doc. 35. After hearing argument from both parties, the court took the matter under advisement. *Id.* For reasons set forth below, the court finds that the motions should be **GRANTED IN PART** and **DENIED IN PART**.

## I.
## BACKGROUND

This dispute arises from Intertek's suit against AmSpec seeking damages for the alleged theft and conversion of Intertek's property. Doc. 1. On February 7, 2025, AmSpec propounded its first set of discovery requests on Intertek. Doc. 26, att. 8, p. 1. During subsequent depositions, AmSpec alleges it became clear that Intertek failed to produce some of the documents requested in AmSpec's first set of discovery requests as three separate deponents each identified relevant documents, videos, and other items that had been requested but not produced. Doc. 26, att. 8, p. 2.

After the depositions, Intertek, in an effort to fulfill AmSpec's first set of requests, requested a list of the alleged unproduced documents and agreed to produce them. *Id.* After

sending Intertek the missing document list, AmSpec propounded its second set of discovery requests on August 15, 2025. *Id.* AmSpec alleges the second set of requests includes requests for items that should have been produced in response to its first set of requests, but to avoid any doubt as to whether they should be produced, AmSpec made its second set of requests more specific. *Id.* Intertek failed to respond timely to the second set of requests. *Id.*

On September 22, 2025, AmSpec wrote Intertek, requesting full responses to all previously requested information by September 30, 2025. *Id.* After receiving no response from Intertek, AmSpec called Intertek's counsel on October 3, 2025, to no avail. *Id.* AmSpec followed up the call with an email to provide another opportunity to respond and to set a Rule 37.1 conference. *Id.* at pp. 3-4. Intertek, again, failed to respond. *Id.* Accordingly, AmSpec filed the instant Motion to Compel and Motion for Attorney Fees, seeking compulsion of responses to the list of missing documents in relation to AmSpec's first set of requests [doc. 26, ¶ 4] and responses to the entirety of AmSpec's second set of requests. Doc. 26, p. 5.

Intertek responded to the instant motion, stating the motion is moot because Intertek provided responses to AmSpec in mid-October 2025 (after the motion was filed).[1] Doc. 30, p. 2. Intertek submits it does not object to any of the requests but simply needed time to get all the documents together. *Id.* at p. 3. It also contends that several of the requested documents were already provided through prior responses. *Id.* at p. 2.

Prior to the hearing on the motions, however, AmSpec replied, stating that the October 2025 responses are still deficient as they do not provide responses to the second set of interrogatories[2] and because AmSpec believes (due to information contained in other produced

[1] Copies of these responses were provided as Defendant's Exhibit No. 1 during the November 20, 2025, hearing on the matter. Doc. 36, att. 1.

[2] During the November 20, 2025, hearing, AmSpec confirmed that Intertek did in fact respond to the interrogatories, but that Intertek failed to certify these responses in accordance with the Federal Rules of Civil Procedure.

documents) that documents Intertek alleges do not exist, actually do exist. Doc. 33. AmSpec further urges it is entitled to $10,000 in attorney fees because Intertek did not provide responses until after the Motion to Compel was filed. *Id.*

Although Intertek did not object to AmSpec's requests in its opposition [doc. 30, p. 3], it did object to Request for Production No. 24 from AmSpec's second set of requests both in its untimely responses [doc. 36, att. 1, p. 8] and during hearing on the matter. Specifically, Intertek raised a privacy objection as the request seeks personnel files from former Intertek employees, citing potential liability concerns if the confidential information is produced. Doc. 36, att. 1, p. 8. At the hearing, however, AmSpec pointed out that the former employees whose records are requested now work for AmSpec.

Finally, at the hearing, AmSpec conceded that the only requests remaining in dispute are from its second set of discovery requests. Specifically, AmSpec is now only seeking responses to Interrogatory Nos. 8 and 9 and Requests for Production Nos. 14, 15, 16, 21, 23, and 24[3] found in its second set of discovery requests [doc. 26, att. 4].[4] The court, therefore, will focus only on these items.

## II.
## LAW AND ANALYSIS

### *A. Motion to Compel*

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling

[3] The numbering of AmSpec's second set of discovery requests is continuous from the numbering in its first set of discovery requests.

[4] AmSpec also originally requested compulsion of Request for Production No. 13 regarding certain calibration reports it alleged were missing. Despite much discussion about these calibration reports in its briefing and throughout the hearing, counsel for AmSpec conceded these documents were not necessary to obtain the information it was requesting and withdrew Request for Production No. 13 from its Motion to Compel.

disclosure of any materials requested if the other party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)) (brackets in original). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Further, pursuant to Federal Rules of Civil Procedure 33 and 34, objections to an interrogatory or request for production must be made within thirty days after service of the requests. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989). In addition to being timely, objections to written discovery, including those of privilege, must be stated with specificity, including reasons for the objection. Fed. R. Civ. P. 33(b)(4); Rule 34(b)(2)(B). The objection must also "state whether any responsive materials are being withheld." Fed. R. Civ. P. 34(b)(2)(C). Therefore, boilerplate and "conclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient[.]" *Scott v. United States Postal Serv.*, No. CV 15-712-BAJEWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016) (Citations omitted); *see also Romero v. United States*, No. 6:23-CV-00032, 2024 WL 436892 at *2 (W.D. La. Feb. 2, 2024) ("Boilerplate objections are unacceptable."); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (holding

that the only thing a boilerplate objection accomplishes is waiver of the objection). Such insufficient objections are also waived. *In re U.S.*, 864 F.2d at 1156. The court, however, "retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made." *Amir Athletic, LLC v. State Farm Fire & Cas. Co.*, No. CIV. A. 11-2082, 2012 WL 520658 at *2 (E.D. La. Feb. 16, 2012); *see also RE/MAX International, Inc. v. Trendsetter Realty, LLC*, No. CIV.A. H-07-2426, 2008 WL 2036816, at *6 (S.D. Tex. May 9, 2008).

Specifically with respect to objections on the basis of privilege, courts have found that "the failure to timely object on the basis of privilege does not result in an automatic waiver." *Williams v. Jeld-Wen, Inc.*, No. 1:17-CV-01366, 2022 WL 509373 at *9 (W.D. La. Feb. 18, 2022) (citing *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011)). "Rather, a waiver of privilege is a serious sanction reserved for cases of unjustified delay, inexcusable conduct, bad faith, or other flagrant violations." *B&S Equip. Co.*, 2011 WL 2637289 at *5. Nevertheless, Federal Rule of Civil Procedure 26(b)(5)(A) requires parties withholding discoverable information based on a claim of privilege to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Intertek failed to timely object to the discovery at issue in this matter, and so all objections to AmSpec's discovery are waived, save and except for any objection on the basis of privilege. Any privilege-based objections, however, must be made in accordance with Federal Rule of Civil Procedure 26(b)(5)(A), including production of a proper privilege log, to be preserved. Against this backdrop, and in light of the court's duty to ascertain the proportionality of the discovery

sought, this court finds it appropriate to grant in part AmSpec's motion and to compel Defendants responses to discovery, except as hereafter provided. Intertek shall provide full and complete responses to the following discovery requests within ten (10) days of this Order, limited as follows:

*Interrogatory Nos. 8 & 9*: Intertek shall provide full and complete responses to each requested interrogatory. Such responses must be submitted under signature and certification pursuant to Rules 26(g) and 33(b)(5).

*Request for Production No. 14*: Intertek shall provide any video and/or audio recordings produced by any person(s) hired by Intertek as a private investigator.

*Request for Production No. 15*: Intertek shall provide the affidavit of Lex Arceneaux that was referenced in an August 14, 2025, email from Kirk Menard to Casey Brister [doc. 33, att. 1], and all drafts thereof.

*Request for Production No. 16*: Intertek shall provide any handwritten notes made and referenced by Casey Brister regarding the missing equipment at issue in this case and his investigation of same.

*Request for Production No. 21*: Intertek shall provide all emails, letters, or other documents containing communications between Intertek and customers relating to Intertek's inability to perform work due to the missing equipment at issue in this case.

*Request for Production No. 23*: Intertek shall provide documents reflecting revenues generated by its Lake Arthur operations for each month of 2024 and 2025 that would substantiate its claim of $240,000 of lost revenue per month due to the missing equipment at issue in this case. If Intertek had no revenue during any month of 2024 and 2025 at this location, it shall so state.

<u>*Request for Production No. 24*</u>: AmSpec's request for the complete personnel files and employment records of Robert "Bo" LeJeune, Freddie Chapman, and Jada Ortego "raises particular concerns for the court, as personnel files contain perhaps the most private information about an employee within the possession of an employer." *Utopia Ent. Inc. v. LaSalle Mgmt. Co. LLC*, No. CV 03-1355, 2005 WL 8156795, at *2 (W.D. La. Jan. 26, 2005). AmSpec, however, advised the court that Robert "Bo" LeJeune, Freddie Chapman, and Jada Ortego all now work for AmSpec. Thus, AmSpec should be able to obtain a release from each of the individuals that now work for it. A release from these AmSpec employees will allow AmSpec to discover the requested files without running afoul of Intertek's obligation to ensure privacy, alleviating Intertek's concern for potential liability [doc. 36, att. 1, p. 8]. Accordingly, Intertek shall produce its personnel files for each of these individuals only after AmSpec provides Intertek specific written authorization signed by the individual allowing Intertek to produce his/her file.

In the event Intertek contends any of the documents compelled by this Order do not exist or are not in its possession, custody, or control, Intertek shall so state in a declaration under oath or in an unsworn declaration under penalty of perjury (*see* 28 U.S.C. §1746) and such declaration shall be provided to AmSpec within the response deadline set forth above.

### *B. Motion for Attorney Fees*

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court must not order

the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Here, Intertek failed to timely answer AmSpec's discovery requests both by the deadlines set out in Federal Rules of Civil Procedure 33 and 34, and by the deadline of the extension given by AmSpec. Doc. 26, ¶ 6. Although Intertek argues that attorney fees are not warranted because responses were provided and because Intertek simply needed more time [doc. 33, p. 3], there is no evidence suggesting that Intertek ever requested an additional extension to respond. Further, while Intertek provided untimely responses to the requests at issue, it only did so after AmSpec filed the instant Motion to Compel. As explained by AmSpec, those responses remain deficient. Doc. 33.

Intertek has failed to provide this court reasonable justification for its failure to respond to discovery fully and in a timely fashion, or otherwise to offer circumstances that would make an award of fees and expenses unjust. As such, the court finds an award of fees and expenses against Intertek to be appropriate.

## III.
## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that AmSpec LLC's Motion to Compel [doc. 26] is **GRANTED IN PART** and **DENIED IN PART** as hereinabove set forth. Plaintiff Intertek USA Inc. shall provide full and complete responses to the deficient discovery requests identified by defendant AmSpec LLC in accordance with this Order. Intertek's responses must be provided within **ten (10) days** after the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorney fees, is awarded against plaintiff Intertek USA Inc. pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**IT IS FURTHER ORDERED** that, within ten (10) days after the date of this Memorandum Order, AmSpec LLC shall file into the record a statement of fees and costs incurred in filing these motions, which shall be supported by an affidavit setting forth the hours expended for the activities described in the statement, who performed the services, and the hourly rate applied to those hours. Intertek may submit a response to AmSpec's submissions within seven (7) days after AmSpec's submission is filed into the record.

**THUS DONE AND SIGNED** in chambers this 10th day of August, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**